Richard H. Edwards, Esq. County Attorney, Franklin County
You have asked whether one person may serve simultaneously as a member of a board of trustees of a community college and as a member of the council of a four-year college that is a unit of the State University of New York.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interest created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
There is no statutory prohibition against holding these two positions. Nor is one position subordinate to the other. Therefore, the only basis for a finding of incompatibility is an inherent inconsistency in the positions. We find none.
The board of trustees of a community college is its policymaking body, subject, however, to budgetary approval of the legislative body of the sponsor, to curricula approval by the Board of Trustees of the State University and to "general supervision" by the State board over "such other duties as may be appropriate or necessary for the effective operation of the college" (Education Law, § 6306[2]). The council of a four-year State college has a more limited policy-making role than that of a community college board. Subdivision 1 of section356 of the Education Law provides in part:
 "Subject to the general management, supervision and control of and in accordance with rules established by the state university trustees, the operations and affairs of each state-operated institution of the state university, * * * shall be supervised locally by a council * * *."
In view of these limitations on control over policy, we do not see how one person who is a member of a board of trustees and a council would inevitably be faced with policy decisions that would involve divided loyalties. In your letter you note that the two colleges in your area compete for entering students from the area. But this is an inevitable competition that neither the board nor the council can effectively influence. Ultimately, the State University Board of Trustees controls the educational policy of both types of colleges. Neither the community college board nor the council controls finances sufficiently to affect the competitive advantage of one college over the other.
There are, of course, possible instances of conflicts of interest. For example, either the board or the council could adopt a resolution deploring some activity of the other institution. If this or a similar situation arises, the conflict can be avoided by declining to participate in the decision. These are only possibilities, however, and are not the inherent inconsistency that constitutes incompatibility.
We conclude that one person may simultaneously serve on the board of trustees of a community college and the council of a four-year State college.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.